IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| THOMAS J. RICHARDSON,<br><br>        Plaintiff,<br>v.<br><br>MICHAEL J. ASTRUE,<br><br>        Defendant. | ORDER AWARDING FEES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT<br><br><br>Case No. 2:09-CV-851 BCW<br><br><br>Magistrate Judge Brooke Wells |

Before the Court is Plaintiff 's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act.[1] Plaintiff asserts the Government's position in this case was not substantially justified so he is entitled to attorney fees under the Equal Access to Justice Act (EAJA).[2] Plaintiff initially requests attorneys fees in the amount of $15,871.56 for 82.75 hours in attorney time at the rate of $178.75 per hour, and 12 hours in paralegal time at the rate of $90 per hour.

Defendant does not argue that Plaintiff's counsel's hourly rate is improper or that a fee under the EAJA is not substantially justified. Rather, Defendant asserts that the Court should reduce any EAJA award by $2,644.56 for a total of $13,277.00. Defendant argues this reduction is appropriate because Plaintiff's request is excessive or otherwise unreasonable. As noted by Defendant, a court may exclude hours "that are excessive, redundant, or otherwise unnecessary."[3] Defendant further argues that Plaintiff's requests for block billing tasks performed by a paralegal are inappropriate.

---

[1] Docket no. 47.

[2] *See* 28 U.S.C.A. § 2412.

[3] *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1982) (citing *Copeland v. Marshall*, 641 F.2d 880, 891 (1980)).

Under the EAJA, a party prevailing against the United States may be awarded fees payable by the United States if the Government's position in the litigation was not substantially justified.[4] "EAJA fees are determined not by a percent of the amount recovered, but by the 'time expended' and the attorney's '[hourly] rate.'"[5] The party making the request bears the burden to prove that their fee request is reasonable and to provide adequate documentation of the fee request.[6]

When reviewing the hours reported for tasks this Court evaluates the hours spent on each task to see if they are reasonable.

> In determining what is a reasonable time in which to perform a given task or to prosecute the litigation as a whole, the court should consider that what is reasonable in a particular case can depend upon factors such as the complexity of the case, the number of reasonable strategies pursued, and the responses necessitated by the maneuvering of the other side.[7]

Here, Defendant takes issue with the following tasks claiming they are excessive: 1) 19.3 hours of attorney time for preparing a reply brief before the Tenth Circuit arguing it should be reduced by 6.3 hours to 12 hours; 2) six hours spent preparing the instant motion for attorney fees under the EAJA arguing it should be reduced by half to three hours; 3) 1.5 hours of attorney time spent in preparing the complaint in this case arguing it should be reduced to .5 hours; 4) 2 hours spent in consultation with a second attorney regarding the appeal taken to the Tenth Circuit in this case; 5) 2.35 hours of attorney time and .65 hours of paralegal time related to attempting to appear for oral argument before this Court;[8] and finally, 6) requests for fees spent by a

---

[4] 28 U.S.C. § 2412 (d)(1)(A) (quoting 28 U.S.C. § 2412(d)(1)(B).

[5] *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) (quoting 28 U.S.C. § 2412(d)(1)(B).

[6] *Eckerhart*, 461 U.S. at 437.

[7] *Ramos v. Lamm*, 713 F.2d 545, 554 (10th Cir. 1983).

[8] Plaintiff's attorney first attempted to appear telephonically, which did not work. Afterward she attempted to travel to argument but the flight was cancelled. But, no argument was held.

paralegal via block billing specifically, "block billed or clerical tasks 1.50 hours on September 23, 2009; 1.25 hours on December 15, 2009; 0.40 hours on February 4, 2010; and 0.25 hours on May 24, 2011."[9]

In summation, Defendant argues attorney time should be reduced by 14.65 hours and paralegal time should be reduced by 4.05 hours.[10]

In response to Defendant's arguments Plaintiff reduces "his fee request by 2.65 hours for paralegal time ($238.50) and 2.0 attorney hours for time spent drafting the Motion and memorandum for EAJA fees, but has increased the request by 2.0 attorney hours for time spent preparing this Reply." Taking into account these reductions, Plaintiff's new request is in the amount of $15,633.06.

Plaintiff also argues the hours submitted are justified because: 1) the Reply brief on appeal was 20 pages long and the Government's brief necessitated additional responses in the reply brief; 2) the time spent drafting the instant motion was actually longer than six hours and in any event, the request has now been reduced by 2.0 attorney hours; 3) the complaint in this matter was not "boiler plate" and required the assertion of five separate issues; 4) consultation with an attorney more experienced in appeals was necessary because counsel for Plaintiff lacks experience in this area; 5) counsel spent time preparing for oral argument and through no fault of counsel, oral argument was canceled and rescheduled. In addition, counsel had no control over the flight being cancelled the second time oral argument was scheduled; and 6) while Plaintiff agrees that block billing entries are inappropriate under the EAJA the requests here were legitimate and did not include secretarial or clerical tasks.

---

[9] Op. p. 5.

[10] Based upon the calculations and representations in Plaintiff's memoranda, the hourly rate charged for the paralegal is $90 per hour.

After reviewing Plaintiff's submitted requests, arguments of counsel and relevant case law the Court finds as follows. The Court agrees the time for the following tasks should be reduced because they are excessive: the time spent in preparing the reply brief on appeal, the time spent in preparing the instant motion, the time spent preparing for oral argument that did not occur and a partial reduction for clerical tasks by the paralegal. The Court finds these reductions appropriate based upon the experience of counsel and the failure of Plaintiff in meeting the burden to establish the reasonableness of the requested fees.[11] Thus, the Court reduces attorney time by 10 hours and paralegal time by an additional hour. The Court finds the hours charged for preparing the complaint and for consulting with another attorney regarding an appeal reasonable.

## ORDER

For the reasons set forth above, the Plaintiff's motion is GRANTED in PART. The Court reduces Plaintiff's revised request by $1430 in attorneys fees and $90 in paralegal fees.[12] The Court awards fees pursuant to the EAJA in the amount $14,113.06 payable to Plaintiff, Thomas Richardson, and mailed to counsel of record.

DATED this 14 March 2012.

Brooke C. Wells
United States Magistrate Judge

---

[11] *See Eckerhart*, 461 U.S. at 437; *Grendel's Den v. Larkin*, 749 F.2d 945 953-54 (1st Cir. 1984);

[12] This reduction takes into account Plaintiff's reduction of 2.0 attorney hours.